■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK C. PHILLIPS, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Doran, J.), rendered June 30, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. Defendant was arrested January 25, 1981 when found inside a bar at 4:30 A.M. and charged with burglary, third degree. Following an unsuccessful effort to secure a preliminary hearing, defendant was charged in a Grand Jury indictment with burglary, third degree. After unsuccessful motions to dismiss the indictment, defendant pleaded guilty on June 16, 1981 to the crime charged and was sentenced to a term of two to four years. Upon this appeal, defendant contends that he was denied his right to a preliminary hearing, and that he was not informed of his right to appear and testify before the Grand Jury. Defendant's argument that the denial of his right to a preliminary hearing requires a dismissal of the indictment misperceives the mandate of CPL article 180. Essentially, the Grand Jury has the power to indict regardless of whether a defendant's preliminary hearing has resulted in a dismissal, or whether a preliminary hearing has been held at all (*People ex rel. Hirschberg v Close,* 1 NY2d 258, 261; see CPL 190.55; cf. *People v Hodge,* 53 NY2d 313 [once a preliminary hearing is commenced, a defendant is entitled to have it conducted in compliance with his right to counsel]). Thus, while a failure to accord a defendant a prompt hearing might secure his release from confinement (CPL 180.80), it would not affect the power of a Grand Jury to consider the evidence against him (*People v Lohman,* 49 AD2d 75). A conviction will not be vacated on the ground that the defendant was detained without the requisite hearing (see *Gerstein v Pugh,* 420 US 103, 119, and cases cited therein). The record reflects that defendant was represented by three successive attorneys, none of whom made a timely hearing request. Although apprised of his right to a hearing at arraignment, no such request was made until "sometime in February" and again on March 3, 1981, weeks after the arraignment. By this time, the case was already scheduled for presentment to the Grand Jury. Under the circumstances, we cannot characterize the prosecutor's failure to conduct a

hearing as a deliberate attempt to circumvent the statute. Defendant also contends that he was not apprised of his right to testify before the Grand Jury, requiring dismissal of the indictment pursuant to CPL 210.20 and 210.35. The District Attorney is required to provide notice to a defendant who has been arraigned in a local criminal court upon a currently undisposed felony complaint dealing with the same subject matter that Grand Jury proceedings are to commence (CPL 190.50, subd 5, par [a]). The record demonstrates such notice to defendant's attorney a week in advance of the scheduled date of presentment. The attorney failed to serve notice upon the District Attorney requesting defendant's appearance before that body (CPL 190.50, subd 5, par [b]). In our view, the oral notice sufficiently complied with the People's statutory obligation under CPL 190.50 (subd 5) (*People v Helm*, 51 NY2d 853, 854; *People v Otello*, 48 AD2d 169). Moreover, following arraignment on the indictment, the District Attorney apprised defendant of his right to testify, tendered a waiver of immunity to him, and scheduled a date and time for defendant to appear before the same Grand Jury. That defendant chose to decline the offer does not negate the opportunity afforded him. Judgment affirmed. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.