■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD P. BENSCHING, Appellant. — Case held, decision reserved and matter remitted to Cattaraugus County Court for further proceedings, in accordance with the following memorandum: The sole issue on this appeal is whether defendant was denied his right to counsel prior to indictment. The record reveals that when he was arrested on August 18, 1982 and advised of his rights, he requested an attorney. There is a dispute in the record as to what transpired when defendant was arraigned before the Town Justice Court. Defendant insists that he requested that counsel be appointed to represent him but none was appointed. The District Attorney maintains none was appointed as the court was led to believe by defendant that his girlfriend would be getting an attorney for him from Buffalo, New York. The People claim that defendant waived a preliminary hearing before the Town Justice and was committed to the Cattaraugus County Jail. Defendant states that no one with his past experience in the criminal justice system would waive a preliminary hearing. Defendant acknowledges that he was served with a notice of his right to testify before the Grand Jury as provided by CPL 190.50 (subd 5). However, he contends that the absence of an attorney to advise him deprived him of his rights. No attorney was assigned until defendant was arraigned on an 18-count indictment on October 4, 1982.

In New York, a criminal action commences with the filing of an accusatory instrument (CPL 1.20, subd 17), which includes a felony complaint (CPL 1.20, subds 1, 8). A defendant is entitled to assistance of counsel at all critical stages of a criminal prosecution (*People v Samuels,* 49 NY2d 218, 221; *People v Settles,* 46 NY2d 154, 165; *People v Cooper,* 101 AD2d 1, 7). A preliminary hearing is "a 'critical stage' of the State's criminal process", thus triggering the constitutional guarantee that a defendant be afforded "the guiding hand of counsel" (*Coleman v Alabama,* 399 US 1, 9; *People v Hodge,* 53 NY2d 313, 318).

Defendant asserts that the trial court's finding that he did not request counsel until after his arraignment on the indictment is not supported by the record. The record is silent as to why, if at all, the court failed to grant an adjournment to such time as counsel could appear (CPL 180.10, subd 3), nor is there any factual showing of defendant's purported "waiver" of his right to a preliminary hearing (see CPL 180.10, subds 2, 5). The record of the Town Justice Court is incomplete on these issues and the matter is remanded for a hearing to explore the assignment of counsel issue and under what circumstances the defendant "waived" a preliminary hearing. At the hearing, it should be determined whether defendant's waiver of a preliminary hearing was "an intentional relinquishment or abandonment of a known right or privilege" (*Johnson v Zerbst,* 304 US 458, 464). (Appeal from judgment of Cattaraugus County Court, Crowley, J., — rape, first degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.)