■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MAXWELL, Appellant. — Appeal by defendant from two judgments of the County Court, Suffolk County (Mallon, J.), both rendered February 17, 1983, convicting him of two counts of burglary in the second degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MORANO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 16, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although it was error to permit certain testimony concerning defendant's involvement in other drug sales, the objections ultimately were sustained, and, in the totality of this record, including the strong evidence of defendant's guilt, we find the error harmless. We also decline to hold that under New York's statutory scheme every defendant is entitled to a felony hearing or that CPL 180.10 (4) is unconstitutional because it does not so provide.

We find no merit in the balance of defendant's contentions. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.