■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD P. BENSCHING, Appellant.—Judgment unanimously affirmed. Memorandum: On defendant's prior appeal from convictions of multiple sex offenses, we reserved decision and remitted for a hearing to explore the assignment of counsel issue and to determine under what circumstances the defendant "waived" a preliminary hearing *(see, People v Bensching,* 105 AD2d 1054). At the hearing, it was to be determined whether defendant's waiver of a preliminary hearing was " 'an intentional relinquishment or abandonment of a known right or privilege' " *(supra,* p 1055).

The record of the hearing on remittitur reveals that when placed under arrest, defendant indicated that he wanted an attorney and instructed his wife, in the presence of the arresting officers, to get him an attorney. Thereafter, the police "scrupulously honored" that request and did not question defendant further *(see, People v Cunningham,* 49 NY2d 203; *People v Grant,* 45 NY2d 366, 376). It appears that upon his arraignment in the local Town Court, defendant was advised of his right to counsel and his right to a preliminary hearing. It is apparent that counsel was not assigned to represent him at that time because of defendant's representations that his wife would be obtaining counsel from Buffalo. Thus, neither the police nor the court denied or abridged defendant's right to counsel.

Defendant's claim that he is entitled to a new trial because he was denied the right to a preliminary hearing is without merit. There is no constitutional or statutory right to a preliminary hearing *(see, People ex rel. Hirschberg v Close,* 1 NY2d 258; *People v Aaron,* 55 AD2d 653, 654; *People v Abbatiello,* 30 AD2d 11, 12), nor is it a jurisdictional predicate to indictment *(see, People v Hodge,* 53 NY2d 313, 319-320; *People ex rel. Hirschberg v Close, supra; see also, Matter of*

*Molea v Marasco,* 64 NY2d 718, 722 [Simons, J., dissenting]). Here, the Judge who arraigned defendant in the local criminal court fully advised defendant of his right to a prompt hearing to determine whether there was sufficient evidence to hold him for the Grand Jury *(see,* CPL 180.10). While failure to afford a timely preliminary hearing would entitle defendant, upon application, to be released on his own recognizance *(see,* CPL 180.80), it does not require that the indictment be dismissed or a new trial be held *(see, People v Phillips,* 88 AD2d 672; *People v Aaron, supra).* (Resubmission of appeal from judgment of Cattaraugus County Court, Crowley, J.—rape, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Pine, JJ.