OPINION OF THE COURT
Anthony J. Garramone, J.
Defendant, Warren Floyd, moves this court for an order of dismissal of the charges pending against him for failure by the People to proceed and in furtherance of justice.
Defendant, Warren Floyd, was arraigned in the Utica City Court on July 10, 1986, on the charge of assault in the second degree in violation of Penal Law § 120.05 (1) and (2). An initial felony examination was scheduled for July 11, 1986, at which *1035 time the People were not ready to proceed. As of this date, the felony examination has not taken place. It has been postponed, at the request of the People, on numerous occasions. In addition, the defendant has not been indicted by the Oneida County Grand Jury, nor does that indictment seem imminent. Although the various adjournments were granted at the request of the People, the defendant is not alleging any intentional delays or dilatory tactics on the part of the District Attorney’s office. However, the People’s intent is not germane to the issue at bar — that issue being whether this court is empowered to dismiss the criminal charges pending against the defendant for the People’s failure to timely proceed with either the felony examination or a Grand Jury indictment.
In the area of the discretion of a trial court to dismiss charges pending against a defendant for failure of the People to proceed with a felony examination, the law is somewhat sparse and exceedingly contradictory. On the face of it, the statutory law is unequivocal. CPL 180.10 (2) states that a criminal defendant has the absolute right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a Grand Jury. By way of enforcement, section 180.10 (4) directs the court to accord the defendant every opportunity to exercise the aforesaid right to a prompt hearing. The statute further mandates that the trial court must itself take such "affirmative action” as is necessary to effectuate those rights. Although the mandate is clear, the method of enforcing that mandate is not specified. The court, although facing a situation in which the People fail to promptly proceed with a felony examination, is authorized to take "affirmative action” without being statutorily apprised of the remedies with which to enforce that authority. Defendant argues that the appropriate enforcement device is the dismissal of all charges pending against him. In order to do so, this court has only two avenues —dismissal for the People’s failure to proceed, or in the furtherance of justice pursuant to CPL 170.30 and 170.40.
By way of background, it is well settled that a criminal defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. The District Attorney’s office, on behalf of the People, can decide to proceed with a preliminary examination conducted by the Trial Judge or it can present the case directly to a Grand Jury at any time. (People v McDonnell, 83 Misc 2d 907 [1975]; People v Galak, 114 Misc 2d 719 [1982]; Matter of *1036 Friess v Morgenthau, 86 Misc 2d 852 [1975]; see, 1 Waxner, New York Criminal Practice ¶ 7.3 [1].) Despite that option of indictment, however, and in the absence of same, the jurisdiction of the local criminal court continues and defendant’s right to a felony examination remains inviolate. The crux of the issue is whether, given that factual scenario, a trial court is authorized to dismiss where the People fail to proceed with that felony hearing, thereby circumventing the defendant’s statutory right to a prompt hearing.
Because the People, in the case at bar, have not allowed defendant a felony hearing nor have they attempted to indict him, defendant argues his pending charges should be dismissed in the interest of justice. Although the People assert that this court is not empowered to do so, defendant’s proposed remedy is not without precedent. Various trial courts have indeed dismissed criminal charges for failure of the People to timely prosecute a defendant even though that failure did not amount to a denial of a speedy trial. (See, People v Jones, 126 Misc 2d 919 [1984]; People v Fagg, 86 Misc 2d 1046 [1976].) However, the trial courts which have attempted such dismissals in the interest of justice have done so in the face of, and by way of distinguishing, People v Douglass (60 NY2d 194 [1983]). In Douglass, the Court of Appeals specifically directs a trial court to refrain from dismissals in the interest of justice where that court attempts to use, as its sole grounds, failure to prosecute or calendar control. Douglass goes on to mandate that a dismissal in furtherance of justice, pursuant to CPL 170.30 and 170.40, must rigidly conform to the enumerated statutory standards.
The grounds for dismissal pursuant to section 170.30 are all-inclusive, and neither failure to prosecute nor calendar control is listed as a permissible ground. (People v Douglass, supra, p 201.) Therefore, barring a "speedy trial” motion, Douglass would seem to prevent dismissal when the ground is failure to prosecute.
Notwithstanding the aforesaid, this court takes very literally its charge to affirmatively act. Failing to act would essentially render CPL 180.10 unenforceable. The defendant has a right to a prompt hearing; section 180.10 (4) imposes an affirmative duty on the part of the judiciary which this court cannot avoid. In the absence of indictment, the jurisdiction of a local criminal court continues and the right of the accused to a felony examination cannot be circumvented. (People v *1037 Heredia, 81 Misc 2d 777 [1975]; see, 1 Waxner, New York Criminal Practice ¶ 7.3.)
It is the opinion of this court that CPL 180.10 (4) must be interpreted in light of section 170.40. Pursuant to CPL 170.40, charges may be dismissed in the interest of justice when, even though there may exist no enumerated basis for dismissal as a matter of law (as specified in CPL 170.30), such a dismissal is required, as a matter of judicial discretion, by the existence of certain compelling factors. (CPL 170.40 [1].) This court is exercising that judicial discretion to dismiss. The compelling factor in the case at bar is the failure of the People to indict the defendant or afford him the opportunity of a felony hearing, all in violation of CPL 180.10. This conclusion to dismiss defendant’s charges is reached after a careful review of this case in light of the standards enumerated in CPL 170.40 (1) (a)-(j). To reach any other conclusion would be to ignore the intent behind section 180.40.
In that there is no allegation that the People have intentionally refused to proceed, this court shall not consider the option of contempt. However, in an effort to provide the defendant with the right he has been granted, this court established the final date of November 17, 1986 at 9:30 a.m. for a felony hearing in this matter. The People were again unable to proceed. Therefore, all charges pending against the defendant are dismissed pursuant to CPL 180.10 (4) and 170.40.