OPINION OF THE COURT
Albert Tomei, J.
Defendant Michael Spence has moved to dismiss the instant indictment pursuant to CPL 190.50 (5) (c) on the ground that the prosecutor deprived him of his right to testify before the Grand Jury. On October 18, 1987, defendant was arrested and charged with criminal possession of a weapon in the third degree. At his Criminal Court arraignment on October 20, 1987, the People served notice pursuant to CPL 190.50 (5) (a) of their intent to present defendant’s case to a Grand Jury. Defendant did not respond to this notice at arraignment but served oral notice of his desire to appear during a calendar call on November 17, 1987. This oral request is noted in the official court records for that date. On November 19, 1987, defendant followed up on his oral request by mailing formal *78 written notice to the prosecutor. An Assistant District Attorney presented defendant’s case to a Grand Jury and obtained an indictment on November 20, 1987, while defendant’s written notice was in the mail. Upon receiving defendant’s request the prosecutor offered to reopen the case to allow defendant to testify prior to filing the indictment. Defendant’s attorney rejected this offer claiming that his client was entitled to appear before a Grand Jury that had not decided his case.
Defendant’s motion presents the novel question of whether the People can require a defendant who has served oral Grand Jury notice to testify before a Grand Jury that has already voted an indictment. The First Department recently decided a similar issue in People v Bey-Allah (132 AD2d 76 [1st Dept 1987]). In Bey-Allah the court held that when a defendant serves timely written notice pursuant to CPL 190.50 (5) (a) the prosecutor may not defer defendant’s testimony until after the Grand Jury votes. This holding reflects the court’s view that a defendant’s statutory right to testify ordinarily includes the right to be heard by a Grand Jury that has not prejudged the evidence. Thus, once a defendant serves written notice the prosecutor may not seek an indictment without first giving defendant a reasonable opportunity to appear (see also, People v Jones, 126 Misc 2d 104 [1984]).
In the present case, the prosecutor did not receive written notice of defendant’s desire to testify until after the Grand Jury returned an indictment. The First Department’s decision in Bey-Allah (supra) can therefore be distinguished on the ground that defendant failed to comply fully with the notice provisions contained in CPL 190.50 (5) (a). Pursuant to this statute, the prosecutor’s obligation to arrange for defendant’s testimony does not arise until after the People receive notice in writing that defendant wishes to be heard (CPL 190.50 [5] [b]; People v Leggio, 133 Misc 2d 320 [1986]). It is therefore possible to find that by failing to serve written notice defendant forfeited his right to testify prior to a Grand Jury vote.
Although the Bey-Allah decision relies in part on the People’s receipt of defendant’s written notice, this court concludes that the First Department’s reasoning in Bey-Allah (supra) is applicable to the case at bar. In the instant case, the prosecutor ignored defendant’s oral expression of his desire to testify and obtained an indictment before defendant’s written confirmation could be delivered. In doing so, the People effectively frustrated defendant’s prompt attempt to comply with *79 the letter of the statute. The court holds that, under these circumstances, the People may not use defendant’s failure to satisfy statutory formalities as a means for avoiding their responsibility to effectuate defendant’s appearance. (See, People v Gini, 72 AD2d 752 [2d Dept 1979].) If the prosecutor had any doubt about whether defendant’s oral notice reflected a serious desire to testify, the simple solution would have been to make inquiry of defendant’s attorney. By failing to do so, the People deprived defendant of his statutory rights.
Accordingly, defendant’s motion to dismiss is granted with leave to the People to present the case to a new Grand Jury within 30 days.