■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOACHIM HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 24, 1987, convicting him of rape in the third degree (eight counts) and sodomy in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged with sexual abuse in the third degree (57 counts), rape in the third degree (19 counts), sodomy in the third degree (18 counts) and endangering the welfare of a child (2 counts). The charges in the indictment were set forth in series of five-count groupings (3 sexual abuse, 1 rape and 1 sodomy) based upon acts occurring over an approximate period of a month beginning with the month of November 1984 with respect to the 1st to 5th counts, and extending to the month of April 1986, with respect to the 86th to 90th counts. The 91st to 95th counts specified that the acts occurred on May 6, 1986. Ultimately, only eight counts of rape in the third degree and three counts of sodomy in the third

degree were submitted by the court for the jury's consideration.

We find no merit to the defendant's contention that he was deprived of his right to testify before the Grand Jury.

CPL 190.50 (5) (a) requires, in pertinent part, that as a prerequisite to the exercise of the defendant's right to testify before the Grand Jury, a *written* notice is to be served upon the District Attorney, which notice includes an address to which communications may be sent. The oral notice given by the attorney who represented the defendant at his arraignment, that the defendant wished to testify at the Grand Jury hearing "subject * * * to final determination by [his] attorneys, that [he] do[es] wish to testify in the Grand Jury", was not adequate to meet the requirements of the statute. In addition, after arraignment, the defendant had two different counsel, neither of whom gave timely written notice confirming the defendant's wish to testify and an address for purposes of communication. It is further undisputed that the Assistant District Attorney, having been given the conditional intimation that the defendant might wish to testify at the Grand Jury, made a good-faith effort to ascertain the defendant's position on the matter, not having received the required written notification (see, People v Gini, 72 AD2d 752; People v Spence, 139 Misc 2d 77). Specifically, the Assistant District Attorney attempted to contact the defendant's second trial counsel, but her messages were not returned. In addition, when the third trial counsel for the defendant spoke to the Assistant District Attorney, he implicitly, if not expressly, waived his client's right to testify by telling the Assistant District Attorney to "do what you had to do". Under these circumstances, we find that the defendant did not preserve his right to testify at the Grand Jury.

The defendant's further contention that the indictment failed to sufficiently specify the time the crimes were committed is not preserved for appellate review (see, CPL 470.05; People v Soto, 44 NY2d 683) and is, in any event, without merit (see, People v Morris, 61 NY2d 290).

However, we do find merit to the defendant's claim that the trial court improperly admitted into evidence the complainant's testimony concerning certain uncharged acts of sexual abuse and rape.

The evidence adduced at trial reveals that the complainant was the defendant's "stepdaughter", the child of the woman with whom the defendant lived, though they were not mar-

ried, since the complainant was one year old. The family moved from California to New York when the complainant was about six years old. The offenses charged in the indictment were alleged to have occurred when the complainant was 15 to 16 years old.

Prior to trial, the prosecutor sought a ruling that the complainant would be permitted to testify to certain acts of sexual abuse and rape which occurred prior to the actual dates charged in the indictment. In support of her motion, the prosecutor argued that admission of the evidence would help the jury to understand that the acts charged in the indictment did not suddenly occur. The trial court, over defense objection, held that it would allow such testimony, stating that, "In my view, in order to give fabric and texture to the entire case, it would be necessary to put all this before the jury".

On appeal, the People persist in their contention that the trial court properly admitted the evidence of uncharged crimes since without it, the complainant's credibility would have been significantly weakened. In our view, the People's argument both confirms that the evidence was erroneously admitted and that the error cannot be deemed harmless.

Initially, we note that the People's contention is in direct conflict with *People v Lewis* (69 NY2d 321, 325), wherein the Court of Appeals reaffirmed the rule set forth in *People v Molineux* (168 NY 264, 293) that "evidence of prior uncharged crimes may not be offered to show [the] defendant's bad character or his propensity towards crime but may be admitted only if the acts help establish some element of the crime under consideration or are relevant because of some recognized exception to the general rule". The stated policy behind the rule is that, "It is meant to eliminate the risk that a jury, not fully convinced of the defendant's guilt of the crime charged may, nevertheless, find against him because his conduct generally merits punishment" *(People v Allweiss,* 48 NY2d 40, 46).

The evidence of the uncharged crimes offered at bar was merely cumulative and was not offered to prove an element of the crimes charged *(see, People v Ventimiglia,* 52 NY2d 350, 360). Neither is enhancement of the complaining witness's credibility one of the recognized exceptions to the *Molineux* rule. As the Court of Appeals observed in *People v Lewis (supra,* at 328), a witness's allegation concerning the defendant's prior actions does not render that witness's testimony concerning the crime charged more trustworthy because "a witness cannot buttress her own testimony by making further

unsubstantiated accusations. The victim's statement regarding the prior uncharged crimes therefore carried no probative weight".

The People's further contention that the testimony was admissible to rebut the defendant's challenge to the complainant's credibility can be simply dismissed by noting that this type of evidence may only be offered on redirect after the defense has opened the door to such testimony, and even then, whether this should be allowed and the extent to which it is allowed is subject to the supervising discretion of the trial court.

We cannot deem the erroneous admission of the testimony harmless since the evidence of the uncharged crimes was so pervasive that there was every possibility that it diverted the attention of the jury from the actual charges to be proved. This was exacerbated by the prosecutor's repeated references in her summation to the incidents of alleged sexual abuse not included in the indictment, including her statement exhorting the jury to "convict the defendant because he sexually abused and raped [the complainant] over 11 long years". Therefore, a new trial is warranted. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.