OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
Defendants Evan Dixon and Sean Skyers move for an order dismissing the indictment upon the grounds that they were denied the opportunity to appear and testify before the Grand *455 Jury (CPL 190.50 [5] [a]). The People oppose the motions. The motions are granted without prejudice to the People to represent this matter to another Grand Jury without further order of the court.
The facts are not in dispute. The seven defendants, along with one other individual, were arrested after a loaded firearm was found in the van they were riding in. The action was commenced in local criminal court with the filing of an accusatory instrument charging the defendants with the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02). The defendants were arraigned, and a preliminary felony hearing was scheduled.
On October 17, 1991, a felony hearing was commenced and testimony was taken. Defendant Dixon was represented by Mr. McGoey. Defendant Skyers was represénted by Mr. Altman. During the course of the hearing, the Assistant District Attorney Michael Grady requested a one-week adjournment. Thereafter, the following discussion occurred:
"mr. farrelly: Judge, I wouldn’t want the People putting the case before the Grand Jury during that week.
"mr. grady: Judge, we retain that right.
"mr. altman: Then on behalf of Skyers, I object to the adjournment. The hearing has already proceeded. It started. Testimony has been taken.
"mr. grady: It does not matter, Your Honor. They do not have a statutory right to a preliminary hearing. If we are going to put it in the Grand Jury, all counsel and clients will be notified.
"ms. notaro: I would like the record to reflect my client, Mr. Harris, wishes to testify before that body, the Grand Jury, for the record.
"mr. altman: I would for the record indicate that my client, Sean Skyers, would like to testify before the Grand Jury.
"ms. marino: Your Honor, on behalf of Mr. Woodbyne, we would reserve the right to testify before the Grand Jury.
"mr. perone: On behalf of Eric Richards, I would request the District Attorney notify us before he makes a presentation for an opportunity—
"mr. grady: I believe I just stated that Your Honor—
"mr. mcgoey: As does Mr. Evan Dixon, Your Honor.
"mr. farrelly: Same application for Mr. Coastes.
"mr. clarke: Same application for Mr. Elliot.
*456 "the court: Having heard from each counsel—
"mr. volper: Same application on behalf of Marc Bolling”.
The hearing was adjourned to October 24, 1991 and was resumed on that date. After the conclusion of all the testimony, but before the court rendered its findings, the following exchange occurred:
"the court: Any other defendants wish to offer any other evidence to the Court?
"mr. altman: Not evidence, Your Honor. I want to have the record clear, I think I had stated last week that it is the intention of the defendant Sean Skyers to testify before the Grand Jury, and I would like the District Attorney to mark this file so that the necessary waiver forms are sent to us prior to presentation.
"mr. grady: Judge, being that this is not a sealed indictment case, all eight defendants will be notified by the District Attorney of any pending Grand Jury presentation.
"the court: All right, fine. Anything further from any of the defendants?”
The defendants were held for the action of the Grand Jury. Four of the eight defendants’ attorneys sent further written notification of their client’s desire to testify before the Grand Jury. The District Attorney’s office responded only to those attorneys who had provided written notification. The matter was presented to the Grand Jury. One charged defendant testified. The Grand Jury dismissed as to the testifying defendant and indicted the other seven defendants herein.
On this motion, defendants Dixon and Skyers contend that the on-the-record oral notification of their desire to testify, combined with the Assistant District Attorney’s on-the-record representation that all defendants would be notified, satisfied the requirements of CPL 190.50 (5) (a) and triggered the District Attorney’s obligation to provide notice as to the date and time of the presentment pursuant to CPL 190.50 (5) (b). In support of their position, the defendants cite People v Spence (139 Misc 2d 77) and People v Phillips (88 AD2d 672).
In opposition to the motion, the People contend that the representations of Assistant District Attorney Grady were not intended to be relied upon, and, in fact, four of the defense attorneys did not rely on such representations and sent proper written notifications. The People argue that in any event CPL 190.50 (5) requires written notification, and oral notification is *457 simply insufficient. In support of their position, the People cite People v Harris (150 AD2d 723).
Upon the court’s review of the relevant case law, it appears that the situation presented herein is one of first impression. The case of People v Harris (supra) is clearly distinguishable. In Harris, the initial oral notification was conditional rather than absolute. After this conditional oral notification, defendant substituted two different attorneys, and neither of the new attorneys provided any additional notification of the defendant’s continued desire to testify or their own addresses. In addition, the Assistant District Attorney "made a good-faith effort to ascertain the defendant’s position on the matter” (150 AD2d, at 724) and was advised by defense counsel, " 'do what you have to do’ ” (supra).
On the other hand, the case law cited by defendants establishes that under certain circumstances oral notifications by the People or by the defendant may be sufficient to satisfy their respective obligations under CPL 190.50 (see, People v Phillips, supra; People v Spence, supra). While these cases are not factually identical to the case at bar, the reasoning underlying those determinations is equally applicable herein. Where the People’s own actions frustrate the defendant’s attempt to exercise his right to testify, the courts have es-topped the People from using "defendant’s failure to satisfy statutory formalities as a means for avoiding their responsibility to effectuate defendant’s appearance” (People v Spence, supra, at 79, citing People v Gini, 72 AD2d 752).
Whereas in Spence (supra) and Gini (supra), the People hastily presented their cases to the Grand Jury after oral notice, but prior to their receipt of written notice, here, the People acknowledged the defendants’ on-the-record oral notice and affirmatively represented that all defendants would receive notification of the presentment. The name, address and appearance of all counsel was provided on the same record. The court believes that defense counsels’ reliance upon the District Attorney’s in-court representation was reasonable and appropriate. This representation caused the defendants’ attorneys to believe that no further notification, written or oral, was needed to protect and secure their clients’ right to testify. Viewed in this way, the People’s representation that they would provide notification of the presentment, coupled with their failure to do so, frustrated defendants’ attempt to exercise their right to testify.
*458 It must be noted that the court does not attribute any fault or dereliction to the People in this case. The record clearly reflects that Assistant District Attorney Grady acted properly and professionally in the context of the proceeding he was involved in. It is the inevitable consequence of any departmentalized bureaucratic organization that occasionally some piece of information is lost. In this case, somewhere between the preliminary proceedings in local court and the Grand Jury proceedings in superior court, the request to testify and the representation that notice would be provided was lost. This loss was unintentional and understandable.
In light of the fact that the People claim no prejudice to their case by reason of any potential dismissal, and, further, in view of the nature and circumstances of the defendants, the court holds that dismissal of the indictments as to defendants Dixon and Skyers is appropriate (CPL 190.50 [5] [c]).
In accordance with the foregoing, the motions to dismiss the indictments as to defendants Dixon and Skyers are granted without prejudice to the People to re-present this matter to another Grand Jury without further order of the court.