*363 OPINION OF THE COURT
Stephen J. Wing, J.
The defendant made an oral application to this court on October 7, 1993 for a preliminary hearing pursuant to CPL 180.10 (2) regarding the charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, class B felonies pursuant to Penal Law § 220.39 (1) and § 220.16 (1), respectively. If the People fail or refuse to conduct the preliminary hearing, defendant advises he will move the court for dismissal of the charges or, alternatively, some order of the court compelling the People to conduct the hearing.
Defendant was arrested on September 24, 1993 and arraigned by the court at the City of Poughkeepsie Police Station lock-up on Saturday, September 25, 1993. Bail was set at $5,000 cash or $10,000 bail bond. The matter was adjourned to Monday, September 27, 1993, for appearance in court with counsel. Defendant was advised, during his arraignment, of his rights to a prompt preliminary hearing.
Each party was present at the appearance on September 27, 1993. Defendant was represented by the Public Defender’s office. A preliminary hearing was scheduled, at the People’s request, for September 30, 1993. Bail was continued.
The People were not prepared to conduct the preliminary hearing on September 30th. The court granted, without opposition, the defendant’s motion to order his release on recognizance pursuant to CPL 180.80. The case was adjourned until October 7, 1993 for calendar purposes.
While defendant was released on his own recognizance for the purposes of this action, he was actually returned to State custody, pursuant to process beyond the jurisdiction of this court, apparently because he was on work release from State prison at the time the charges are alleged to have occurred (May 17, 1993). According to defense counsel, defendant will have to remain in State custody as long as these charges are outstanding.
Defense counsel presents his arguments in a letter to Edward Whitsell, Bureau Chief of the Dutchess County Attorney’s office. A copy has been provided to the court as defendant’s submission. The People respond by resubmitting a memorandum they provided to the court on February 2, 1993 in connection with the case of People v Johnson, in which they argued, to the court’s satisfaction at the time, that a prelimi *364 nary hearing under CPL 180.10 (4) is not required if the defendant is not in custody.
For the reason set forth below, the court determines that a defendant charged by felony complaint is entitled to a preliminary hearing whether in custody or not. A preliminary hearing must be conducted by the District Attorney. The remedy for the District Attorney’s failure to conduct a preliminary hearing is that the defendant will be released on his own recognizance. The court has no authority, inherent or statutory, to dismiss the charges subject to the preliminary hearing if the preliminary hearing is not held. However, the court does have an affirmative duty to provide defendant with a preliminary hearing.
CPL article 180 provides for a preliminary hearing to determine if there is reasonable cause to believe that the defendant has committed a felony (or some lesser offense) charged in a felony complaint. A defendant does not have a constitutional or absolute statutory right to a preliminary hearing. (People v Bensching, 117 AD2d 971, citing People ex rel. Hirschberg v Close, 1 NY2d 258.) The District Attorney can present a case to the Grand Jury and obtain an indictment even though a preliminary hearing has not been held. (People v Phillips, 88 AD2d 672.)
The remedy for a failure to hold a timely preliminary hearing is clearly established in the statute — the defendant is to be released on his own recognizance. (CPL 180.80; see, People v Phillips, supra.) Contrary to authority provided by the defendant, the Legislature has provided this court with no power to dismiss the felony complaint if the People are unable (or unwilling) to conduct a timely preliminary hearing as they are required to do by CPL 180.60 (1). The case cited by defendant, People v Floyd (133 Misc 2d 1034), is not correctly decided. Despite an absence of authority in CPL article 180 or CPL 170.30, that court found a basis for dismissal in the interests of justice under CPL 170.40. However, section 170.40 does not apply to felony complaints.
Nor does the court have inherent power to dismiss the felony complaints on these grounds. (See, Matter of Hynes v George, 76 NY2d 500; Matter of Holtzman v Goldman, 71 NY2d 564; People v Douglass, 60 NY2d 194.)
The court does have an affirmative mandate under CPL 180.10 (4) to accord the defendant the opportunity to exercise his rights and "must itself take such affirmative action as is *365 necessary to effectuate them.” In this case, the court scheduled a preliminary hearing on a timely basis, and, when the People (as is often the case) were not ready to proceed at that time, the court ordered the defendant released on his own recognizance on these charges pursuant to CPL 180.80. The defendant’s rights under CPL article 180 were effectuated to that point.
However, the court finds that the defendant has a continuing right to a preliminary hearing even though he has been released pursuant to CPL 180.80. There is no qualification in the statute that the right to a preliminary hearing subsists only when the defendant is in custody or out on bail. It is clear that the right subsists until the defendant waives the right, is indicted, or until the charge is dismissed.
Therefore, in light of the defendant’s request, the court will schedule a new date for a preliminary hearing as soon as practicable, after inquiry of the People. The court intends to exercise its reasonable discretion in implementing the powers duly granted to it under law, and briefly reviewed in Matter of Hynes v George (supra, 76 NY2d, at 505).