OPINION OF THE COURT
G. Thomas Moynihan, Jr., J.
The defendant has made an application dated January 30, 1995 seeking to dismiss the indictment filed against him by virtue of the refusal of the District Attorney’s office to provide him with a preliminary hearing pursuant to CPL 180.10. The District Attorney has filed an affirmation in opposition dated February 6, 1995; in response thereto, defense counsel has filed a reply affidavit verified February 13, 1995. Finally, the court has considered the oral arguments of counsel presented on February 15, 1995.
*961 The contested issue is one of law, inasmuch as both parties have stipulated to the facts as presented by defense counsel in his affidavit verified January 30, 1995. In essence, it is agreed that the Warren County District Attorney’s office has formulated and adopted a policy of not providing preliminary hearings to defendants charged with a felony complaint in local criminal courts where the defendants were not in custody at the time of the scheduled preliminary hearings. CPL 180.10 (2) provides that the "defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of [the] grand jury”. It is the defendant’s contention that the aforedescribed policy of the People violates not only the expressed language of the statute, but is similarly violative of his constitutional rights (US Const 5th Amend; NY Const, art I, §6).
Preliminarily, it has been held that there is no constitutional right to a preliminary hearing (People ex rel. Hirschberg v Close, 1 NY2d 258; People v Aaron, 55 AD2d 653, 654; People v Dash, 95 Misc 2d 1005, 1008); accordingly, if the defendant is entitled to a preliminary hearing, such entitlement must be statutory in nature. The "primary purpose [of a preliminary hearing] is to determine whether the defendant is to be held for the action of a grand jury” (CPL 180.10 [1]; People v Hodge, 53 NY2d 313, 323). "The sole purposes of a preliminary hearing are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the Grand Jury and, if so, to fix bail if the offense is bailable. (Coleman v Alabama, 399 US 1.) The above functions of the hearing serve to safeguard a person charged with a felony against being improperly committed solely on the basis of a charging affidavit or complaint (People v Jackson, 48 Misc 2d 1026). Prevention of improper commitment has been held to be the primary purpose of preliminary hearings by Federal courts also (see United States v Cowan, 396 F2d 83; United States v Motte, 251 F Supp 601)” (People v Ortiz, 99 Misc 2d 1069, 1072).
Inasmuch as the defendant was not incarcerated at the time the People declined to participate in the preliminary hearing which was scheduled, it is the carefully considered opinion of this court that the intent of CPL article 180 has not been violated. In writing his Practice Commentaries (McKinney’s Cons Laws of NY, Book 11A, CPL 180.10, at 122), Peter Preiser recognizes that although "the defendant has the right *962 to a prompt hearing * * * that 'right’ is illusory, as the People can * * * avoid the hearing by presenting the charge to a grand jury [and if an indictment is returned] * * * there is no remedy thereafter for deprivation of a hearing” (citing People v Hodge, supra; People ex rel. Hirschberg v Close, supra).
In the case of People v Phillips (88 AD2d 672 [3d Dept]), it was held that the "defendant’s argument that the denial of his right to a preliminary hearing requires a dismissal of the indictment misperceives the mandate of CPL article 180”. The Phillips Court further held that "while a failure to accord a defendant a prompt hearing might secure his release from confinement (CPL 180.80), it would not affect the power of a Grand Jury to consider the evidence against him”. This court finds the dictum in the Phillips case (supra, at 672-673) regarding the ramifications of "the prosecutor’s failure to conduct a hearing [where same is] a deliberate attempt to circumvent the statute” to be ambiguous, inasmuch as it is unclear whether the defendant was incarcerated at the time the preliminary hearing was denied (assuming such a hearing was requested).
In any event, it is the determination of this court that where, as here, a defendant is not incarcerated at the time of the People’s declination to participate in a scheduled preliminary hearing, said declination may not serve as a basis for the dismissal of an indictment which may subsequently be returned by the Grand Jury.
Accordingly, the defendant’s motion is hereby dismissed.