OPINION OF THE COURT
Glenn G. Galbreath, J.
Facts and Procedural History
This matter came before the court on two charges against defendant, Andrew Cleghorn: burglary in the second degree (Penal Law § 140.25 [2]) and assault in the third degree (Penal *422 Law § 120.00 [1]), both alleged to have occurred on August 28, 2001 at 1:00 p.m. in the Village of Cayuga Heights, Tompkins County, New York. Defendant was arraigned with his counsel, John Stevens, on September 18, 2001. A “no contact” protective order was issued against defendant based on both charges. Defendant requested a preliminary hearing, and the court scheduled it for September 18, 2001 at 8:00 p.m. Defendant was released on his own recognizance.
Notice of the hearing was communicated to the District Attorney’s Office through the court clerk and through the arresting officer. Because the court was aware of the District Attorney’s Office’s general practice not to appear at preliminary hearings when the defendant was not incarcerated, the court included in its message the court’s concern that nonappearance could possibly result in dismissal of the felony charge on the basis of CPL 180.70 (4).
On September 18, 2001 at 8:00 p.m. the case was called for the preliminary hearing. Defendant and his attorney were present but no one from the District Attorney’s Office appeared. Both the arresting officer and the court clerk were asked if the District Attorney’s Office had been provided the above-mentioned notice. Both affirmed that each had, but only the arresting officer’s notice included the court’s specific concern about possible dismissal if the District Attorney’s Office did not appear. The prosecutor’s office responded to the notice by stating that it would not appear, because the defendant was not incarcerated, and that if the felony charge was dismissed, it would seek indictment. No adjournment was requested.
At the September 18th preliminary hearing the defendant moved to dismiss the felony charge. The court granted the motion and dismissed the charge of burglary in the second degree pursuant to CPL 180.70 (4) because the People failed to present evidence at the preliminary hearing establishing that there was reasonable cause to believe defendant committed a felony.
Discussion
The issue before the court is what forms of relief are available to the court when the People choose not to participate in a preliminary hearing. Is the court limited to releasing defendant on his own recognizance and/or exonerating the bail, or may/should the court also dismiss the felony charge? In most *423 cases the answer to this question ultimately matters little.[1] Because even if a local court dismisses or reduces a felony, whether or not the prosecutor appears, the prosecutor is still free to seek indictment of the defendant through the grand jury. (People ex rel. Hirschberg v Close, 1 NY2d 258 [1956].) Notwithstanding the limited effect this procedural question has on the ultimate resolution of most of these cases, local courts and the parties are bound to follow the statutory scheme for preliminary hearings found in CPL article 180.
Preliminary hearings are not constitutionally mandated. They arise solely from statute, CPL article 180. (People v Morano, 111 AD2d 273 [2d Dept 1985].) The purpose of preliminary hearings, the duties of the court and prosecution, and the remedies available are all found within the language of the statute. Section 180.10 (1) of the Criminal Procedure Law states that “the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury,” and subdivision (2) states that “[t]he defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury.”
Section 180.80 further delimits the number of hours a defendant may be incarcerated without a hearing and requires defendant’s release if the time limit (or other exceptions) is not met. Thus, it appears the Legislature’s primary concern was to protect defendant from long pretrial detention without judicial review.
But article 180 states much more. In section 180.10 (4) the statute provides the unique exhortation that the court “must inform the defendant of all rights specified in subdivisions two and three [prompt hearing and counsel]. The court must accord defendant opportunity to exercise such rights and must take such affirmative action as is. necessary to effectuate them.” Statutes do not normally contain special reminders that a court must do that which the court is expected and required to do as a matter of course. Similarly, the statute states that the “district attorney must conduct such hearing on behalf of the people” and “must call and examine witnesses and offer evi *424 dence in support of the charge * * *” (§ 180.60 [1], [5]). The Legislature obviously wanted to make it very clear that this procedure was to be taken seriously and that the court and prosecutor were on special notice to act accordingly.
Article 180 also contemplates relief beyond release and bail exoneration. For example, a local court may make inquiry into whether a misdemeanor should be filed in lieu of the felony (§ 180.30) or, with the prosecutor’s consent, the court can consider reducing the felony to a nonfelony offense (§ 180.50).
Even more to the point, though, section 180.70 (4) specifically states that at the end of the preliminary hearing the local court must dispose of the felony. “If there is not reasonable cause to believe that the defendant committed any offense, the court must dismiss the felony complaint and discharge the defendant from custody if he is in custody, or if, he is at liberty, it must exonerate the bail” (emphasis supplied). If it was intended that a local court had only one choice when faced with insufficient proof or no proof, then the Legislature would have left out the clause “the court must dismiss the felony complaint” and simply stated “discharge the defendant from custody * *
There are several cases that opine that when the prosecutor refuses to attend the preliminary hearing of a felony defendant, the only remedy available is to release the defendant from jail and exonerate his/her bail. (People v Phillips, 88 AD2d 672 [3d Dept 1982]; People v Penrose, 164 Misc 2d 960 [Warren County Ct 1995]; see also Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.10, at 122.)
The primary flaws in the support for this conclusion are that in each of the cited cases the defendant was subsequently and independently indicted by the grand jury and -the defendant sought to have the indictment dismissed, not the original felony charge in local court. While there is dicta stating that local courts can only release defendants and not dismiss the felony charges, the holdings in the cases are limited to the nondismissal of the indictments.
Further, none of these cases address section 180.70 (4), which specifically requires a local court at the end of a preliminary hearing to dismiss the felony complaint (as well as discharge the defendant from incarceration and/or exonerate his/her bail) “[i]f there is not reasonable cause to believe that the defendant committed any offense.”
There are a number of lower court cases holding that a local court may dismiss a felony charge (or provide other related *425 relief) if the prosecutor fails to appear for a preliminary hearing. Curiously, none of these courts relied on section 180.70 (4). (People v Heredia, 81 Misc 2d 777 [Suffolk Dist Ct 1975] [order to show cause why prosecutor should not be held in contempt for failing to appear at preliminary hearing]; Matter of Freiss v Morgenthau, 86 Misc 2d 852 [Sup Ct, NY County 1975] [motion to compel a preliminary heáring if prosecutor fails to appear for preliminary hearing]; People v Floyd, 133 Misc 2d 1034 [Utica City Ct 1986] [dismissed felony charge in the interests of justice]; cf. People v Ervin, 159 Misc 2d 362 [Poughkeepsie City Ct 1993] [refused dismissal, but rescheduled the preliminary hearing].)
This court can only speculate as to why none of the above courts dealt with section 180.70 (4). It might have been argued that because section 180.70 speaks of relief available “after hearing” and the prosecutor in those cases did not come to the hearing, those courts assumed no hearing occurred and that section 180.70 (4) was thereby rendered inapplicable. The problem with this argument is the anomalous and inconsistent result such a reading would produce based solely on whether or not the prosecutor choose to appear. If in one instance the prosecutor appears but presents insufficient or no evidence at all, the local court would be required under section 180.70 (4) to dismiss. If in a second situation the prosecutor similarly had insufficient or no evidence, but chose not to appear, then no dismissal could occur because there was “no hearing” to invoke section 180.70 (4). Such an interpretation would encourage prosecutors to ignore their clear statutory mandate that they “must conduct such hearing on behalf of the people” and “must call and examine witnesses and offer evidence in support of the charge” (§ 180.60 [1], [5]).
In any instance, this court finds that in the present case a preliminary hearing was held on September 18, 2001 at 8:00 p.m., albeit a short one. Notice of the hearing was given to and received by all parties, no adjournments were requested, and the prosecution openly declined to attend.[2] The result of the September 18th preliminary hearing was that this court received no evidence, let alone evidence rising to the level of reasonable cause to believe, that defendant committed the *426 felony of burglary in the second degree. Therefore, the court had no choice but to dismiss the felony charge pursuant to CPL 180.70 (4).
Order
It is hereby ordered that the felony complaint against defendant Andrew Cleghorn for burglary in the second degree (Penal Law § 140.25 [2]) is dismissed.

. Dismissal, though, might be of importance if it: terminates a protective order based on the dismissed charge; affects the running of time for various purposes; relieves a defendant from having his/her charge pending in limbo between the local and county courts; has a res judicata effect when a defendant pleads guilty to a misdemeanor charge which is a lesser included offense of the dismissed felony.

. Undoubtedly the prosecution chose not to attend for sound tactical reasons; possibly because it did not wish to expend resources doing a preliminary hearing when it could just as easily achieve the same result through indictment, or possibly because it did not want to preview its case to defendant.