■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE R. STRONG, Appellant. [794 NYS2d 258]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 21, 2003. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that Supreme Court erred in failing to suppress his written statement. We reject that contention. Defendant made the statement four hours after his illegal arrest and following two sets of *Miranda* warnings and two pronounced breaks in the interrogation. We therefore conclude that the statement was not "obtained by exploitation of the illegal arrest" and was sufficiently attenuated from the illegal arrest (*People v Conyers*, 68 NY2d 982, 983 [1986]; *cf. People v Harris*, 77 NY2d 434, 440-441 [1991]; *People v Johnson*, 277 AD2d 875 [2000], *lv denied* 96 NY2d 831 [2001]). We further conclude that the court did not abuse its discretion in admitting the tape of the 911 telephone call in evidence as an excited utterance (*see*

*People v O'Connor*, 242 AD2d 908, 911 [1997], *lv denied* 91 NY2d 895 [1998]; *see generally People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Edwards*, 47 NY2d 493, 496-497 [1979]).

Defendant failed to preserve for our review his contention in his pro se supplemental brief that reversal is warranted based on an alleged *Batson* violation (*see People v Latimer*, 278 AD2d 863 [2000], *lv denied* 96 NY2d 785 [2001]), the only contention explicitly set forth in the pro se supplemental brief. We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). To the extent that the pro se supplemental brief may be read as raising additional issues, we note that defendant failed to preserve for our review his apparent challenge to the court's inquiry of the jurors concerning the fact that a newspaper in the jury room mentioned the case on trial before them (*see People v Privott*, 133 AD2d 528 [1987], *lv denied* 70 NY2d 936 [1987]). Also contrary to defendant's apparent contention, the indictment was voted by a single grand jury that heard evidence on two dates, and defendant failed to preserve for our review his apparent additional challenge to the grand jury proceedings (*see People v Gunney*, 13 AD3d 980, 984 [2004]). Finally, with respect to the two remaining apparent contentions in the pro se supplemental brief, the contention that a witness was coached by a spectator during the trial "cannot be addressed on direct appeal from the judgment because it involves matters dehors the record" (*People v Thayer*, 210 AD2d 977, 977 [1994]), and defendant is not entitled to reversal of the judgment based on the fact that no preliminary hearing was held (*see* CPL 180.80; *People v Bensching*, 117 AD2d 971, 972 [1986], *lv denied* 67 NY2d 939 [1986]). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.