■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND MURPHY, Also Known as ROLAND REDDICK, Appellant. [842 NYS2d 623]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 15, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [1], [2]). Defendant failed to object to County Court's alleged failure to apply the appropriate legal standard in evaluating his *Batson* challenge at a time when the court could have remedied the perceived error and thus failed to preserve his contention concerning that alleged failure for our review (*see People v Benjamin,* 35 AD3d 1185 [2006], *lv denied* 8 NY3d 919 [2007]; *People v Correa,* 265 AD2d 488 [1999], *lv denied* 94 NY2d 861 [1999]; *People v Parks,* 210 AD2d 437 [1994], *lv denied* 85 NY2d 941 [1995]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see Benjamin,* 35 AD3d 1185 [2006]; *People v Strong,* 17 AD3d 1121, 1122 [2005], *lv denied* 5 NY3d 795 [2005]). We reject the further contention of defendant that he was denied effective assistance of counsel based upon defense counsel's failure to challenge the legality of the warrantless arrest of defendant at his home pursuant to *Dunaway v New York* (442 US 200 [1979]) and *Payton v New York* (445 US 573 [1980]) when seeking suppression of defendant's statements to the police. Defendant failed to meet his burden of "demonstrat[ing] the absence of strategic or other legitimate explanations" for defense counsel's failure to do so (*People v Garcia,* 75 NY2d 973, 974 [1990]). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.