■ The People of the State of New York, Respondent, v Gregory D. Fagan, Appellant. [862 NYS2d 629]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 16, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was arrested and charged by felony complaint with the crime of criminal possession of a controlled substance. Rather than conduct a preliminary hearing, Elmira City Court in Chemung County released defendant on his own recognizance after the People indicated that they would not present any evidence relating to the charge. Defendant unsuccessfully moved for dismissal of the felony complaint for failure to complete the

preliminary hearing, and he was subsequently indicted by a grand jury for criminal possession of a controlled substance in the fifth degree based on the same conduct. Thereafter, pursuant to a plea agreement, defendant pleaded guilty to the crime charged and was sentenced, as a second felony offender, to a prison term of 2 to 4 years, followed by two years of postrelease supervision. Defendant now appeals.

At the outset we find that, in pleading guilty, defendant forfeited the right to appeal the absence of a preliminary hearing in the proceedings before County Court (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Strong*, 17 AD3d 1121, 1122 [2005], *lv denied* 5 NY3d 795 [2005]; *People v Wiggins*, 198 AD2d 535, 535 [1993], *lv denied* 83 NY2d 812 [1994]). In any event, we would find defendant's challenge to his conviction to be without merit. A defendant does not have any constitutional right to a preliminary hearing, "nor is it a jurisdictional predicate to indictment" (*People v Bensching*, 117 AD2d 971, 971 [1986], *lv denied* 67 NY2d 939 [1986]). In addition, where, as here, a defendant is not afforded a preliminary hearing, his or her release from custody might be required (*see* CPL 180.80), but such omission does not preclude a grand jury from considering the People's evidence and rendering an indictment accordingly (*see People v Bensching*, 117 AD2d at 972; *People v Phillips*, 88 AD2d 672, 672 [1982]). Inasmuch as a judgment of conviction will not be vacated due to the fact that a defendant was detained in custody without a hearing (*see People v Brown*, 184 AD2d 856, 857 [1992], *lv denied* 80 NY2d 927 [1992]; *People v Phillips*, 88 AD2d at 672), we find that there is no basis to provide the relief requested by defendant.

Mercure, J.P., Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.