People v Best (2020 NY Slip Op 00607)





People v Best


2020 NY Slip Op 00607


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-12303
 (Ind. No. 768/14)

[*1]The People of the State of New York, respondent,
v
Hillary Best, appellant.


Hilary Best, named herein as Hillary Best, Forest Hills, NY, appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 28, 2016, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record does not reflect that he waived the right to appeal as a result of any duress. Further, the defendant has not drawn our attention to any other circumstance which might otherwise warrant our declining to enforce the appeal waiver. Therefore, the defendant's waiver of his right to appeal precludes appellate review of his contention that the Supreme Court improvidently exercised its discretion in denying his preplea recusal application (see People v Taylor, 165 AD3d 1181).
The defendant's contention regarding the voluntariness of his plea survives his waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Haywood, 122 AD3d 769, 769). However, the record establishes that the defendant knowingly, voluntarily, and intelligently entered a plea of guilty (see People v Sougou, 26 NY3d 1052, 1054-1055; People v Rodriguez, 142 AD3d 1189, 1189-1190), and that his conviction was not the product of duress.
The defendant's contention that his constitutional right to represent himself at his arraignment on the felony complaint was violated survives both the entry of his plea of guilty and the waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 255; People v Hansen, 95 NY2d 227, 230; People v Seaberg, 74 NY2d at 11). However, review of this constitutional issue is precluded by the lack of an adequate record, which was the defendant's burden to provide (see People v Olivo, 52 NY2d 309, 320).
The defendant's contention that, after he was permitted to proceed pro se, his absence when his assigned investigator made an application to be relieved violated his constitutional rights to counsel, to be present at all material stages of the criminal proceedings, and to due process also survives both the entry of his plea of guilty and the waiver of his right to appeal (see People v Lopez, 6 NY3d at 255; People v Hansen, 95 NY2d at 230; People v Seaberg, 74 NY2d at 11). In every criminal proceeding, a defendant has an absolute right to be present, with counsel, "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" (Snyder v Massachusetts, 291 US 97, 105-106; see People ex rel. Bartlam v Murphy, 9 [*2]NY2d 550, 553; NY Const, art I, § 6). The application by the assigned investigator to be relieved was not a material stage of the criminal proceedings (see People v Harris, 76 NY2d 810, 812; see also People v Roman, 88 NY2d 18, 26; People v Morales, 80 NY2d 450, 455, 457), and, in any event, the proceeding was adjourned, and no other proceedings took place on that date. Accordingly, the defendant's absence from the courtroom on that date did not violate his rights to counsel, to be present at all material stages of the criminal proceedings, or to due process.
Although the defendant's contention that the felony complaint was jurisdictionally defective survives both the entry of his plea of guilty and the waiver of his right to appeal (see People v Dreyden, 15 NY3d 100, 103; People v Hansen, 95 NY2d at 230), it is without merit. The felony complaint was properly verified through the use of a form notice complying with the provisions of CPL 100.30(1)(d), and the form notice method of verification assures a measure of reliability sufficient to satisfy the demands of due process and double jeopardy (see People v Kalin, 12 NY3d 225, 231-232; see also People v Dreyden, 15 NY3d at 103; People v Casey, 95 NY2d 354, 366).
Contrary to the defendant's further contention, the indictment was not jurisdictionally defective. The indictment effectively charged the defendant with the commission of a particular crime and afforded him fair notice of the charges made against him, so that he could prepare a defense and avoid subsequent attempts to retry him for the same crime (see People v Ray, 71 NY2d 849, 850).
By pleading guilty, the defendant forfeited his contention that he should have been granted a preliminary hearing on the felony complaint (see People v Taylor, 65 NY2d 1, 5; People v Strong, 17 AD3d 1121, 1122; People v Wiggins, 198 AD2d 535, 535).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court