THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIFTAR GINI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 13, 1978, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment on the ground he was not afforded an opportunity to appear before the Grand Jury. Judgment reversed, on the law, motion granted, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. On September 8, 1977 defendant shot Steven Pagan thereby causing his death. On September 10, 1977 defendant was arraigned on a felony complaint in Criminal Court and the matter was adjourned to September 12. On that date defendant waived a preliminary hearing and he was held for the action of the Grand Jury. Defense counsel orally informed the prosecutor that defendant wished to appear before the Grand Jury. Nevertheless, the People's case was presented immediately to the Grand Jury without defendant being given a chance to appear. On September 13, 1977, an indictment was voted and filed. By letter dated September 12, 1977, and concededly received by the District Attorney on September 14, defendant served written notice of his desire to appear before the Grand Jury. CPL 190.50 provides, in part: "5. Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision: (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein". On

September 12, 1977 defense counsel orally informed the prosecutor that defendant wished to appear before the Grand Jury. Counsel also *promptly* served written notice of defendant's desire. Notwithstanding the oral notification, the prosecutor hastily submitted the case to the Grand Jury with an indictment being voted and filed on the next day, September 13, 1977. It is apparent that defendant was not given a reasonable time to exercise his right to appear. Under such circumstances we find that the prosecutor violated the provisions of CPL 190.50 (subd 5, par [a]) and that defendant was improperly denied his right to appear before the Grand Jury (cf. *People v Reynolds,* 35 AD2d 529). The remedy for a violation of CPL 190.50 (subd 5, par [a]) is provided by paragraph (c) of subdivision 5, as follows: "(c) Any indictment or direction to file a prosecutor's information obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed". Accordingly, we dismiss the indictment. We note that the People may seek permission to resubmit the charges pursuant to CPL 210.20 (subd 4). Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.