■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SALDANA, Appellant.—Order of the Supreme Court, New York County (Peter McQuillan, J.), entered on or about August 22, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of the Supreme Court, New York County (Burton Roberts, J.), rendered October 1, 1981, convicting . defendant after a jury trial of attempted murder in the first degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree and sentencing him as a predicate felon to concurrent prison terms of 25 years to life for the attempted murder count, 7½ to 15 years on the assault and weapon counts and one year on the stolen property count to run consecutively to a Federal sentence for bank robbery, is unanimously affirmed. Defendant's application for a writ of coram nobis is denied and the petition dismissed.

On July 3, 1979, defendant was riding in a stolen car with Maliki Latine and two others when they had an accident with a gypsy cab. The defendant and the others left the scene of the accident. When the cab driver and another taxi followed, shots were fired at them from the stolen car.

Later in the day, recognizing the stolen car, police officers approached the vehicle. Latine fired a shotgun, hitting one of the officers in the face and causing the eventual loss of his eye. Testimony at trial indicated that defendant pointed a gun at Latine and "ordered" him to shoot.

After his arrest some time in February 1980, and prior to his indictment, defendant sent a letter to the Judge in Criminal Court requesting permission to appear before the Grand Jury. At two subsequent calendar calls, defendant made oral requests to testify before the Grand Jury. On one of those occasions, the Assistant District Attorney stated that he would note the request on the District Attorney's papers. On May 16, 1980, defendant was indicted without being given the opportunity to testify before the Grand Jury.

On September 15, 1980, defendant was arraigned on the indictment. By motion dated that day and received by the People on September 17, 1980, defendant moved *pro se* to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury. The motion was denied for failing to serve written notice pursuant to CPL 190.50.

After his conviction, defendant appealed to this court arguing, *inter alia,* that his oral and written requests to testify were ignored. The People erroneously argued before us that defendant's motion to dismiss the indictment had not been filed within the specified five-day period, and was therefore untimely (CPL 190.50). We unanimously affirmed without opinion *(People v Saldana,* 99 AD2d 686, *lv denied* 62 NY2d 623).

On June 18, 1984, defendant filed a petition for a writ of habeas corpus with the Federal District Court. The District Court granted defendant's petition, concluding that defendant had substantially complied with the requirements for obtaining the right to testify before the Grand Jury and that he had been denied due process when he was not given an opportunity to testify *(Saldana v State of New York,* 665 F Supp 271). Upon appeal, the Court of Appeals reversed, holding, *inter alia,* that any failure to allow defendant to testify before the Grand Jury could not have made any constitutional difference, since a review of the State's evidence at trial made it extremely unlikely that any testimony by him would have prompted a change in the charges filed by the Grand Jury *(Saldana v State of New York,* 850 F2d 117, *cert denied* 488 US 1029).

Defendant thereupon moved to vacate the judgment pursuant to CPL 440.10, on the ground he was denied his right to testify before the Grand Jury by virtue of "misrepresentations" by the People to the trial court; further, that the People "misrepresented" to this court that defendant's motion to dismiss the indictment on the ground he had been denied his right to testify before the Grand Jury was untimely. Defendant advances this latter claim alternatively in his petition for a writ of error coram nobis.

Defendant's contention is that by omitting mention of the letter defendant sent to Criminal Court and of the oral request defendant made in open court, the Assistant District Attorney (ADA) made "misrepresentations" to the trial court when he stated no more than that defendant had not provided the People with written notice as required by CPL 190.50. The motion court, however, correctly found that all of the incidents pertaining to the requests to testify appear in or are alluded to in the record and, consequently, defendant could have raised this argument upon direct appeal and did not, mandating its denial (CPL 440.10 [2] [c]). While defendant asserts he did raise his claim of misconduct on the part of the ADA upon the appeal, the sentences he refers to in his *pro se*

brief were inadequate to alert this court to his claim. In any event, the ADA was truthful and accurate when he asserted that defendant had not provided the People with written notice. Defendant had not. This was a *sine qua non* required by CPL 440.10 (2) (c). The trial court was apprised of defendant's oral applications to testify before the Grand Jury by defendant himself, and the ADA did not dispute such notice. However, there was no showing that the ADA (or the District Attorney's office) was aware of the letter defendant had written to the Criminal Court prior to defendant's State appeal, when defendant, for the first time, mentioned it in his *pro se* brief.

Defendant's contention that the motion court erred when it found that our prior affirmance without opinion was not based on the People's erroneous statement that defendant's motion to dismiss was untimely, is without merit. The defendant asserted upon the appeal, in reply, that his motion "was timely submitted". Thus, a clear factual dispute was present on this issue, making its resolution by us, on the record before us, an impossibility without a remand. Accordingly, as the motion court correctly found, the timeliness issue was irrelevant and not decided by us since the critical legal element was that defendant had failed to comply with the written notice requirement of CPL 190.50 (5) (a).

Finally, the motion court properly declined to review defendant's claim asserting a "misrepresentation" made by the People to this court on the ground it was not cognizable in an application pursuant to CPL 440.10. That section provides, in pertinent part:

"1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that * * *

"(b) The judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or in behalf of a court or a prosecutor; or * * *

"(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States."

The Court of Appeals has noted: "A motion under CPL 440.10 (1) (h) [and under subdivision (1) (b)] limits the collateral attack to a judgment and to whether the judgment itself was obtained in violation of the defendant's constitutional rights * * *. Appellate courts do not render judgments of

conviction; they only affect them" *(People v Bachert,* 69 NY2d 593, 597).

Defendant, upon this motion, makes no showing that the People's statement, that defendant's motion to dismiss was untimely, was a fraudulent misrepresentation rather than a simple mistake. We have noted previously that the issue of whether defendant moved in a timely fashion under CPL 190.50 (5) (c) was not reached by us, since there was a dispute between the People and defendant apparent from the record.

As already decided by us in our affirmance of defendant's conviction, his letter sent to the "Manhattan Criminal Court Judge, Part 17" and his oral requests to testify before the Grand Jury were not in compliance with the requirements of the statute (CPL 190.50 [5] [a]). This is a requirement based upon "the strong public policy to further orderly trial procedures and preserve scarce trial resources" and should be strictly enforced *(People v Lawrence,* 64 NY2d 200, 207; *see also, People v Jennings,* 69 NY2d 103, 113).

It seems quite significant that the Court of Appeals for the Second Circuit held that any possible error by the People with respect to defendant's failure to testify before the Grand Jury was harmless beyond a reasonable doubt. In strong language, the Circuit Court rejected defendant's contention. "It passes the bounds of credulity to believe that by his testimony Saldana could have helped himself in any respect. Any defense counsel would have strongly advised Saldana not to appear. In fact, Saldana's brief to the Appellate Division indicates that his defense lawyer so advised him. At best, his appearance would have crippled his defense at trial." *(Saldana v State of New York,* 850 F2d 117, 121, *supra.)* Concur— Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.