OPINION OF THE COURT
Herbert A. Posner J.
At the time of the Criminal Court arraignment on November 28, 1991, the defendant in this case served notice upon the District Attorney, pursuant to CPL 190.50 (5) (a), requesting that he appear before the Grand Jury. The defendant was first notified by the District Attorney that he would be heard by the Grand Jury on December 3, 1991, and then again, on *476 January 16, 1992. However, the case was not presented to the Grand Jury on either of those dates. The case was presented to the Grand Jury on April 14, 1992, at which time an indictment was voted.
The District Attorney did not notify the defendant of the April 14, 1992 Grand Jury presentment. The defendant admittedly had failed to appear before the Grand Jury in response to the two prior notifications and had not contacted the District Attorney nor indicated in any manner that he desired to appear and testify before the Grand Jury. In fact, his attorney has conceded that the defendant did not intend to appear before the Grand Jury on those dates. Nevertheless, it is the defendant’s contention that he was entitled to notification of the Grand Jury presentment on April 14, 1992.
CPL 190.50 (5) (b) requires the District Attorney to notify a defendant who requests to appear before the Grand Jury "that he will be heard by the grand jury at a given time and place.” The District Attorney complied with the requirement not once, but twice. Therefore, the People have met their statutory obligation. The defendant’s failure to appear before the Grand Jury, or to contact the District Attorney on the two prior occasions, constituted a clear waiver of his right to appear. He cannot be heard to complain because he was not notified to appear on a third occasion.
The situation in People v Martinez (111 Misc 2d 67), relied upon by the defendant, was quite different from the one in this case. In the Martinez case, the defendant was in a hospital when the District Attorney advised her attorney that the case would be presented "during the next week, either July 14 or 15, and he would give defendant’s counsel 'personal specific notice.’ ” (Supra, at 67.) At that time, the defendant’s attorney requested the District Attorney to provide transportation from the hospital for his client but the District Attorney refused and this issue was left unresolved. The District Attorney then failed to notify the defendant of a three-week adjournment of the Grand Jury presentment and contended that the defendant had waived her right to appear and testify by failing to follow through or give additional notice. The court found that "the State had no right to assume that the defendant’s failure to make additional inquiries constituted a waiver as to future appearances” and dismissed the indictment. (Supra, at 70.)
The failure of the District Attorney to notify the defendant’s attorney in the Martinez case of the specific date of the Grand *477 Jury presentment and to resolve the transportation issue clearly deprived the defendant of her right to testify before the Grand Jury. This court agrees that: "The District Attorney must act in continuous good faith so as to render the right to testify meaningful.” (Supra, at 70.) However, the defendant in this case was not deprived of the right to appear and testify before the Grand Jury by any action of the District Attorney. It was the defendant’s decision not to testify and he communicated that decision to the District Attorney by failing to appear or request an adjournment on the first two scheduled dates. This complete silence and inaction on the defendant’s part would have led any reasonable person to believe that he did not wish to testify, and his attorney conceded this fact in open court on August 27,1992.* Is it rational to believe *478 that the defendant may have changed his mind the third time the matter was on for Grand Jury presentment? I think not! Therefore, he should not now be permitted "to engage in gamesmanship to delay his prosecution.” (Matter of Borrello v Balbach, 112 AD2d 1051, 1053.)

 The court engaged in the following colloquy with Mr. Bart (defendant’s attorney) and Ms. Marke (the Assistant District Attorney):
"mr. bart: I represented him on November 28th. I had the first of the two cases. So, I filed 190.50 notice on November 28th. There was a consent adjournment at which he was represented by Legal Aid. I believe they, in fact,, filed notice, as well, but I don’t believe they were notified either. In any event, since I was the first attorney in time and I filed my notice in a prompt fashion, I don’t think there could be any argument but that I was entitled to have notice of the Grand Jury proceeding.
"ms. marke: There was notice sent to the defendant for January 16th, and the—
"the court: — The defendant or his attorney?
"mr. bart: It does not matter. These are the dates in issue. I acknowledge receipt of notices * * *
"the court: Do you acknowledge, Mr. Bart, that you personally received notice of those two dates?
"mr. bart: I can check my file for what notices I received, Judge. I received a notice for January 16th. And the Legal Aid Society attorney who represented Mr. Theard sent me a notice that she had received for December 10th * * *
"mr. bart: The standard form notice, dear sir, indicates you are accused, et cetera, and a Grand Jury hearing has been set for January 16th.
"the court: What did you do with regard to that?
"mr. bart: Absolutely not a thing.
"the court: You waived your right?
"mr. bart: There is no authority for that proposition that on January 16th Mr. Theard did not intend to testify.
"the court: How would the People know that he changed his mind subsequently?
"mr. bart: That’s exactly why they have to give me continuing notice. I don’t have to notify them on January 16th if he does not want to testify on the 16th. But not wanting to testify on the 16th does not mean he has forever waived his right to change his mind "ms. marke: I dispute that, Your Honor. *478 "mr. bart: She can dispute it, but there is not a single case in the world that says that, that says when a defendant fails to appear he forever waives his right and loses his right to change his mind. Judge, if you want, I will supply you with cases that say the opposite. (The court gave Mr. Bart ample time to find cases that support his argument. He found none.)
"the court: Give me the case that says the defendant has the right to change his mind without telling the People that he changed his mind * * * "the court: You have indicated very clearly for the record that on those two earlier dates he did not intend to testify.
"mr. bart: On January 16th Mr. Theard was not going to testify at the Grand Jury.”