■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered December 12, 1990, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the indictment was obtained in violation of his right to testify before the Grand Jury. However, since he failed to comply with the written notice requirements of CPL 190.50 (5) (a), his right to testify never accrued *(see, People v Harris,* 150 AD2d 723; *People v MacCall,* 122 AD2d 79; *People v Reynolds,* 35 AD2d 529). Defense counsel's oral notice that the defendant "may wish to testify" was insufficient *(see, People v Harris, supra; People v Taylor,* 165 AD2d 800) and, contrary to the defendant's further contention, the prosecutor's response that the People would contact defense counsel did not relieve the defendant from his statutory obligation. In order to preserve his or her statutory pretrial rights, including the right to testify before the Grand Jury, a defendant must assert them "at the time and in the manner that the Legislature prescribes" *(People v Lawrence,* 64 NY2d 200, 207; *People v Saldana,* 161 AD2d 441; *see also, People v Jennings,* 69 NY2d 103). Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the indictment. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.