■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELLIOT ROBINSON, Respondent.—Order, Supreme Court, New

York County (Jeffrey Atlas, J.), rendered October 30, 1990, which dismissed Indictment No. 8365/90 by which the defendant was charged with grand larceny in the fourth degree, unanimously reversed, and the indictment reinstated.

Dismissal of the indictment in this case, based on the conclusion of the Justice sitting in the calendar part, that the defendant and his attorney were not afforded a sufficient opportunity to consult on the question of whether or not the defendant should testify, was erroneous. It was established at the hearing held in connection with the defendant's motion to dismiss the indictment, that Grand Jury notice had been served on defendant and his arraignment counsel at defendant's arraignment on the felony complaint on July 12, 1990. The matter was then adjourned to the CPL 180.80 day, July 16, 1990. The case was presented to the Grand Jury on July 12 and 13, 1990 and voted on July 13, 1990 as well. Newly appointed counsel for the defendant spoke with the Assistant District Attorney (ADA) handling the indictment at noon on the adjourn date, and after a discussion with that ADA and consultation with his client, was informed that the current Grand Jury's term expired at 1:00 and that the indictment was going to be filed immediately. However, sometime after the ADA handling the indictment left to file the indictment, counsel for the defendant approached another ADA and informed him that the defendant wished to testify before the Grand Jury.

It is not disputed that no notice pursuant to CPL 190.50 (5) (a) was given by the defendant prior to July 16, 1990, the CPL 180.80 day. New counsel's oral notification of defendant's wish to testify before the Grand Jury, communicated to an ADA other than the one assigned to the case minutes after being informed by the ADA assigned that she was immediately going to file the indictment, failed to comply with requirements of CPL 190.50 (5) (a) *(People v Saldana,* 161 AD2d 441, *lv denied* 76 NY2d 944), which are to be strictly enforced *(supra,* at 444). Concur—Carro, J. P., Wallach, Ross and Asch, JJ.