OPINION OF THE COURT
Alfred H. Kleiman, J.
On August 6, 1992 defendant was arraigned in Criminal *598 Court upon a felony complaint charging defendant with criminal possession of a controlled substance in the third degree and other related charges. Pursuant to CPL 190.50 (5) (a), defense counsel, on behalf of defendant, served written notice that the defendant wished to testify before the Grand Jury and stating that notice of presentment be sent to the attorney for the defendant. Defendant was indicted on September 5, 1992.
On September 15, 1992 the People conceded that defendant was not afforded an opportunity to testify before the Grand Jury. Accordingly, and pursuant to CPL 210.35 (4), Justice George Roberts dismissed the indictment with leave to resubmit the charges to another Grand Jury, holding the defendant for the action of the Grand Jury and continuing the release of the defendant on his own recognizance to October 19, 1992 (CPL 210.45 [9]).
Defense counsel alleges that between September 15 and October 19, 1992 "the prosecution did not contact either defendant or defense counsel to arrange for the defendant to testify in the Grand Jury”. The Assistant District Attorney alleges that on October 15th she told defense counsel that the case would not be presented before October 19, 1992 because she was on trial but that it "would be presented within the next two weeks” and that defense counsel responded "she could not find her client”.
On October 19, 1992 defendant did not appear in court and a warrant was ordered. On November 23, 1992 the case was re-presented to a Grand Jury and defendant was again indicted. On April 6, 1993 the defendant was involuntarily returned on the warrant.
The defendant now moves that the indictment be dismissed pursuant to CPL 210.20 (1) (c) and 210.35 (4) because the Grand Jury proceeding was defective since neither the defendant nor his attorney was given notice pursuant to CPL 190.50.
CPL 190.50 (5) (b) provides that "the district attorney must notify the foreman of the grand jury of such request, [of defendant to testify] and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place”.
The People do not claim that the Grand Jury foreman was notified of the request and concede that no notice was given defense counsel of the time and place that defendant would be heard.
*599 However, the People make the novel argument that defendant having failed to appear in court on October 19, 1992 or thereafter, coupled with the fact that on October 15 defense counsel indicated that “she could not find her client” that defendant had waived his right to testify in the Grand Jury, but cited no authority in support thereof.
The duties imposed on the District Attorney pursuant to CPL 190.50 are to both give actual notice and to act in continuous good faith (People v Martinez, 111 Misc 2d 67, 70 [Sup Ct, Queens County 1981]). But the requirement of acting in continuous good faith is relevant only after the People have first satisfied the statutory requirement of giving notice (see, People v Theard, 155 Misc 2d 475 [Sup Ct, Queens County 1992]). The continuous good faith mandated by the statute required giving defense counsel reasonable notice that criminal charges would be presented to the Grand Jury on November 23, 1992. The fact the Assistant in good faith believed this would be a futile gesture does not justify disregarding the statutory requirement. Had notice been given to defense counsel there was always the possibility, as remote as it may appear to have been, that counsel would have been able to contact defendant. As stated in People v Jones (126 Misc 2d 104, 105 [Sup Ct, Kings County 1984]), “[i]n applying this statute, the courts have required nothing less than strict adherence to its mandates”. Even fashioning a conditional order, as this court initially suggested, i.e., not to require representation if defendant does not appear on the date for which notice of presentation has been duly given, has been held by an appellate court to be invalid (Matter of Borrello v Balkach, 112 AD2d 1051 [2d Dept 1985]; cf, People v Hooker, 113 Misc 2d 159 [Sup Ct, Kings County 1982]; People v Searles, 79 Misc 2d 850 [Sup Ct, NY County 1974]; People v Carter, 73 Misc 2d 1040 [Sup Ct, NY County 1973]).
It is the decision of this court that the failure of defendant to return to court on October 19, 1992 does not constitute a waiver of defendant’s right to testify before the Grand Jury, and accordingly the District Attorney was not relieved of its responsibility to comply with the notice provision of CPL 190.50 (5) (b). The only waiver of compliance provided in the statute is upon the failure of a defendant to timely move for dismissal where notice has not been given (CPL 190.50 [5] [c]; see, People v Maldonado, 176 AD2d 586 [1st Dept 1991]). Other than that, the “mandatory language of CPL 190.50 (5) creates ’a ministerial duty on the part of the court to dismiss an *600 indictment obtained in violation of a defendant’s right to appear before the Grand Jury’ ” (People v Massard, 139 AD2d 927 [4th Dept 1988]).
This court is aware, from its own experience, that in the overwhelming majority of arraignments on Criminal Court complaints, notice pursuant to CPL 190.50 is given even though the defendant has no real intention of testifying before the Grand Jury. It is up to the Legislature to fashion appropriate remedies to discourage this gamesmanship, since unfortunately this statute does not require of defense counsel the same good faith that is mandated of the District Attorney.
Accordingly, the motion to dismiss the indictment is granted with leave to re-present to another Grand Jury upon notice pursuant to CPL 190.50.