■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES SMITH, Respondent. [602 NYS2d 606] —Order, Supreme Court, New York County (James J. Leff, J.), entered September 23, 1992, which granted defendant's motion to dismiss the indictment, on the ground that he had been denied his right to testify before either of the Grand Juries which returned indictments against him, reversed, on the law, defendant's motion denied, the superseding indictment No. 6902/92 is reinstated and the matter is remitted for further proceedings.

Defendant's motion to dismiss the indictments was based on his claim that he was never afforded an opportunity to testify before either of the Grand Juries which indicted him despite the fact that at the time of his arraignment in Criminal Court on April 24, 1992 "he informed both the Court and his attorney that he wished to testify before the Grand Jury." However, CPL 190.50 (5) (a) provides that a person against whom a criminal charge is being or is about to be or has been submitted to a Grand Jury has a right to appear before such Grand Jury as a witness in his own behalf only if "he serves upon the district attorney of the county a *written notice* making such request" (emphasis added). We have previously held that such requirement should be strictly enforced *(People v Saldana,* 161 AD2d 441, *lv denied* 76 NY2d 944).

That defendant failed to give any written notice to the District Attorney is uncontested and the minutes of defendant's arraignment reflect no request, written or oral, to appear before the Grand Jury. Under the circumstances defendant's motion should have been denied. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.