OPINION OF THE COURT
John D. Doyle, J.
CPL 190.50 (5) (a) provides, in pertinent part, that "[w]hen a *361 criminal charge against a person is being * * * submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent” (emphasis added). The question presented in this case is whether counsel for the defendant complied with the statutory requirement that written notice be served upon the District Attorney by depositing the notice in a box at the Public Defender’s office designated for interoffice mail.
The facts are not disputed.[1] On March 2, 1994, defendant was arraigned in Rochester City Court on a felony complaint accusing him of burglary in the second degree and petit larceny. The matter was waived to the Grand Jury on March 7, 1994. On Thursday, June 16, 1994, defense counsel received a letter from the Assistant District Attorney assigned to the case advising her that the matter would be submitted to the Monroe County Grand Jury on June 23, 1994 at 11:30 a.m. Defense counsel did not attempt to notify the Assistant District Attorney of her client’s desire to testify at the Grand Jury until Monday, June 20, 1994, when she prepared a handwritten letter to the Assistant District Attorney which read, "I am on trial this week but believe my client would like to testify. Could you please contact me to make arrangements.” Defense counsel photocopied the letter, placed it in an envelope, wrote the Assistant District Attorney’s name and the letters "A.D.A.” on the outside of the envelope, and deposited the envelope in a box at the Monroe County Public Defender’s office designated for interoffice mail. Counsel made no other attempts — either verbal or written — to notify the Assistant District Attorney that her client wished to testify. The Assistant District Attorney never received the handwritten letter sent by defense counsel. Defendant was indicted on June 24, 1994 and arraigned before this court on June 30, 1994. Counsel now moves to dismiss the indictment pursuant to CPL 210.35 (4) on the ground that the defendant was not afforded the opportunity to testify before the Grand Jury. The People oppose the motion, claiming that the defendant failed to comply with the notice requirements contained in CPL 190.50.
*362 There are a number of statutory pretrial rights available to a criminal defendant, including the right to testify before the Grand Jury, which may be lost by inaction. "The burden rests on the parties to protect their own rights by asserting them at the time and in the manner that the legislature prescribes.” (People v Lawrence, 64 NY2d 200, 207.) To assert the right to testify before the Grand Jury, a defendant is required to make a written request to testify and to serve the written request upon the District Attorney (CPL 190.50 [5] [a]). The appellate courts have repeatedly and consistently held that the statutory requirement that the defendant provide the people with written notice is to be strictly enforced; oral notice is not sufficient (People v Green, 187 AD2d 528; People v Robinson, 187 AD2d 296; People v Brooks, 184 AD2d 518; People v Saldana, 161 AD2d 441). Interpretation of the additional statutory requirement that the written notice be served upon the District Attorney is more problematic. Although the Criminal Procedure Law contains several references to a defendant’s duty to serve a written notice upon the District Attorney,[2] it does not catalog the permissible methods of service. Further, no appellate courts have been called upon to resolve this issue.
The CPLR offers some guidance. CPLR 2103, entitled "Service of papers”, reads in pertinent part as follows:
"(b) * * * Except where otherwise prescribed by law or order of the court, papers to be served upon a party in a pending action shall be served upon the party’s attorney * * * Such service upon an attorney shall be made:
"1. by delivering the paper to the attorney personally; or
"2. by mailing the papers to the attorney at the address designated by that attorney for that purpose * * * or
"3. if the attorney’s office is open, by leaving the paper with a person in charge * * * or
"4. by leaving it at the attorney’s residence within the state with a person of suitable age and discretion. Service upon an attorney shall not be made at [his] residence unless service at [his] office cannot be made; or
*363 "5. by transmitting the paper to the attorney by electronic means * * * or
"6. by dispatching the paper to the attorney by overnight delivery service at the address designated by the attorney for that purpose.”
This court concludes that each method of service listed in CPLR 2103 is a proper method of serving the District Attorney with notice of a defendant’s intent to testify before the Grand Jury. However, since the CPLR does not govern criminal proceedings,[3] it cannot be said that the six enumerated methods are the exclusive methods of serving papers in a criminal case. Where counsel serves the notice in a manner not prescribed in the statute, the court must examine the method of service to determine whether the written notice was served in a manner reasonably calculated to apprise the District Attorney of defendant’s intent to testify (compare, People v Jordan, 153 AD2d 263, 266; People v Abdullah, 189 AD2d 769).
Since service by interoffice mail is not one of the methods enumerated in CPLR 2103, this case turns on whether, under the circumstances of this case, the method of service utilized was reasonably calculated to apprise the District Attorney of defendant’s intent to testify. The court concludes that it was not.
Significantly, the deposit of a letter in an interoffice mail system does not give rise to a presumption of delivery, as would have been the case had the letter been deposited in the *364 United States mail (Richardson, Evidence § 80 [Prince 10th ed]; People v Johnson, 190 AD2d 910). It is also significant that defendant has failed to demonstrate the reliability of the interoffice mail system at issue. Counsel, an experienced and capable Assistant Public Defender, had only used the interoffice mail occasionally. At the time she sent the notice, counsel believed that the letter would be delivered directly to the District Attorney’s office; she did not learn until later that the letter would, in fact, be delivered to the county office building where it would be picked up by representatives of the various county departments. There is no evidence that she routinely sent requests to testify at the Grand Jury to the District Attorney’s office through the interoffice mail, nor is there any evidence that other members of the Monroe County Public Defender’s office routinely sent such notices through the interoffice mail (compare, People v Johnson, supra). At the hearing, counsel candidly admitted that the envelope was not properly addressed and that she was unsure whether the envelope was sealed. Counsel also candidly admitted that because of her busy schedule, she neither confirmed that the notice was received nor promptly followed up with a properly served notice (see, People v Taylor, 165 AD2d 800; compare, People v Gini, 72 AD2d 752; People v Spence, 139 Misc 2d 77). Finally, other methods of service enumerated in CPLR 2103 were readily available; counsel could have satisfied the demands of the statute by simply delivering the letter to the District Attorney’s office which is located on the same floor as the courtroom in which she was engaged in trial on the three days prior to the date the case was scheduled to be submitted to the Grand Jury. For all the reasons stated above, the court concludes that the notice in this case was not served upon the District Attorney as required by CPL 190.50 (5) (a).
Accordingly, defendant’s motion to dismiss the indictment is denied.

. The Assistant Public Defender and the Assistant District Attorney assigned to this case testified at a hearing held in connection with this matter. The court credits the testimony of both witnesses.

. For example, CPL 250.10 requires the defendant to serve upon the People written notice of intention to present psychiatric evidence; CPL 250.20 requires the defendant to serve upon the People a notice of alibi; and CPL 250.30 requires the defendant to serve upon the People a written notice of intention to invoke any of the defenses specified in section 156.50 of the Penal Law.

. The CPLR governs "the procedure in civil judicial proceedings” (CPLR 101). The CPL governs "all criminal actions and proceedings” (CPL 1.10). At least one court has held that the "CPLR has no application to criminal actions and proceedings” (People v Silva, 122 AD2d 750 [1st Dept 1986]). With respect to the specific statute under consideration here, the Court of Appeals has held that CPLR 2103 does not apply to administrative proceedings because the statute is expressly restricted to service in a pending "action” (Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80 [1983]). Since a criminal proceeding is not an "action” within the meaning of CPLR 105, it seems clear that CPLR 2103 does not govern criminal proceedings either.
An obvious exception to the general inapplicability of the CPLR occurs where the CPL expressly incorporates the civil rules (see, e.g., CPL 60.10, 610.20, 610.40). Even in cases where the CPL does not expressly incorporate the civil rules, criminal courts have not been reluctant to turn to the CPLR for guidance where, as here, the CPL is silent on a particular issue (see, People v Sanchez, 147 Misc 2d 457, 460; People v Cortez, 149 Misc 2d 886, 894; People v Guzman, 151 Misc 2d 289, 292; People v Radtke, 153 Misc 2d 554, 556).