OPINION OF THE COURT
Michael A. Gary, J.
The defendant, charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and related *99 offenses, moves for dismissal of the indictment pursuant to CPL 210.35 and 210.40, alleging that the People have failed to afford him his right to testify before the Grand Jury, in violation of CPL 190.50 (5). The People oppose the motion in a written response dated August 16, 1995.
PROCEDURAL HISTORY
Defendant was arraigned in criminal court on July 3, 1995. The defendant was held on $1,500 bail for the action of the Grand Jury and the matter was adjourned until July 7, 1995 to Part AP2N. On July 7, after consultation with his attorney, the defendant through his attorney notified the People orally, on the record, of his wish to testify on his own behalf in front of the Grand Jury that was hearing evidence on the charges against him. The defendant has supplied to this court the minutes of that calendar call.
According to the defendant, after ascertaining defendant’s desire to testify on his own behalf the Assistant District Attorney (ADA) in the Calendar Part contacted the assigned Assistant and advised her that defendant wished to exercise his right to testify. There followed some discussion on the record about the possibility of scheduling defendant for a presentation that day, however, it was determined that there were no slots for defendant to testify because there were already multiple defendants testifying in the Grand Jury. The colloquy next concerned when defendant and counsel could be scheduled to testify. The court notes that this discussion took place even though the defendant had been notified that this same Grand Jury had handed down an indictment. Notwithstanding this information, the defendant consented to have his case heard before that same panel in order to testify and exercise his rights. The case was adjourned until July 10, 1995, the following Monday, for the specific purpose of having defendant testify in the Grand Jury. In order to expedite this appearance on Monday morning, the ADA in the Part handed defense counsel the waiver paperwork, as per the court’s instructions.
On July 10, 1995 the court was notified that the indictment had been filed and that defendant would not be able to testify. Defense counsel moved to dismiss the indictment, claiming a violation of CPL 190.50. The ADA in the Calendar Part (the same ADA present on the previous date) argued that as there was no written notice served upon the District Attorney, per the statutory framework, the assigned ADA proceeded correctly in filing the indictment. No resolution of the matter oc *100 curred, as criminal court was divested of jurisdiction and the case was transferred to Supreme Court for the arraignment on the indictment.
THE LAW
Concededly, no written reciprocal Grand Jury notice was received by the People. But, can the People be said to have waived the requirement that reciprocal Grand Jury notice be written under these circumstances? Once the defendant relies on the acceptance of the oral notice, should the principle of estoppel govern?
Most of the cases this court has found have mandated the strict adherence to the requirements of the statutory provision of CPL 190.50 (5), where it states: "(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request”. (See, People v Smith, 197 AD2d 411 [1st Dept 1993]; People v Saldana, 161 AD2d 441 [1st Dept 1990], lv denied 76 NY2d 944.)
In support of their "strict construction” position, the People have cited cases where, in each matter, the notice, albeit not written, also failed to assert affirmatively the defendant’s desire to testify in the Grand Jury on his own behalf. In People v Harris (150 AD2d 723, 724 [2d Dept 1989]), for example, oral notice was given, but it was accompanied by a statement that defendant would testify "subject * * * to final determination by [his] attorneys”; thus, the Court found this to be merely a conditional notification that did not satisfy the statutory requirement. In People v Green (187 AD2d 528 [2d Dept 1992]), the oral notice given stated that defendant "may wish to testify”, thus, the Court found no affirmative position by defendant. In People v Brooks (184 AD2d 518 [2d Dept 1992], lv denied 80 NY2d 973) oral notice was served for the first time, only after an indictment was handed down and never formalized with written follow-up.
Some courts have found, however, that action on the part of an ADA has rendered the oral notice sufficient. For example, when an ADA, upon hearing that oral notice was served, rushed into the Grand Jury to present the case before written notice reached his office, the Court found that the bad-faith actions of the ADA rendered the written requirement a nullity. (See, People v Gini, 72 AD2d 752 [2d Dept 1979]; People v Spence, 139 Misc 2d 77.)
In another case, where no written notice was received, the People still had actual notice of the defendant’s desire to testify *101 and, in fact, had informed him of a specific time and place for that testimony. On that day, the People asked for an adjournment for the proceedings to be rescheduled. Defendant apparently failed to appear in court on that subsequent day and a bench warrant was issued. Defendant reappeared on the very same day an indictment was being voted on, but the presenting ADA was unaware of this. When defendant moved for dismissal of the indictment charging a violation of CPL 190.50, the People argued that no written notice had been served, therefore, they were under no obligation to have defendant appear before the Grand Jury. The court found that the People affirmatively waived the requirement stating in People v Ocasio (160 Misc 2d 422, 425-426):
"when an unequivocal demand of the defendant is met with an unequivocal response by the prosecutor — for example, when the defendant says through his attorney that he will testify, and the prosecutor responds by setting a day and a time for his appearance — the prosecutor’s conduct constitutes a waiver of the requirement of written notice [citations omitted].
"In this case, although defendant’s attorney had only made an oral announcement of the defendant’s intention to appear before the Grand Jury, the People unconditionally informed the defendant that he could do so on [date and time specified]. Under these circumstances, the defendant could reasonably rely on the prosecutor’s offer, and the prosecutor’s conduct constituted a waiver of written notice.”
Here, similarly, the presenting ADA was timely informed of the defendant’s desire to knowingly testify, before the very same Grand Jury that already had voted an indictment (relieving the ADA of any potential problems under People v Cade [74 NY2d 410], or People v Evans [79 NY2d 407]). In fact, there were discussions about the scheduling of that testimony! Despite this fact, the ADA seemingly purposely filed the indictment without giving the defendant an opportunity to appear before it. The ADA has not mentioned that there would have been any difficulty in scheduling this defendant on that Monday (nor was it the last day of the term, where arguably logistics could have forced the ADA’s hand). When the defendant has detrimentally relied, as here, on the representation by not one, but two AD As — one of whom was in control of the matter — that he affirmatively asserted his right to testify before the Grand Jury, it is unfair now for the People to deny that they had knowledge of that fact. When they did not complain of the lack of written notice on Friday, when defen *102 dant was in a position to properly comply with CPL 190.50 and the indictment had merely been voted, the People are estopped from doing so now, when the indictment has been filed.
In the case at bar, the reliance on form over substance inured to the defendant’s detriment. If the notice requirement is designed to insure that both parties have firm information about the other’s intentions, then the statutory purpose was satisfied in this case. "Where the People’s own actions frustrate the defendant’s attempt to exercise his right to testify, the courts have estopped the People from using 'defendant’s failure to satisfy statutory formalities as a means for avoiding their responsibility to effectuate defendant’s appearance’ ”. (People v Dixon, 154 Misc 2d 454, 457, citing People v Gini, supra; People v Spence, supra.)
The remedy for a violation of CPL 190.50 is dismissal of the indictment, thus, defendant’s motion is granted. The People are, however, granted leave to re-present the case to another Grand Jury. (CPL 210.20.)