OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a motion filed by defense counsel. Defendant is charged by indictment with operating a motor vehicle while under the influence of alcohol or drugs, assault in the third degree, and reckless endangerment in the second degree.
*196 The defendant has made a motion asking this court to dismiss the indictment on the ground that the defendant was not given notice and not afforded the opportunity to testify at the Grand Jury proceeding which resulted in the indictment of the defendant.
The defendant states that on August 19, 2001 the defendant’s counsel sent an e-mail to the prosecutor stating that she had been assigned to represent the defendant and that the defendant wished to testify before the Grand Jury upon presentation of his case to the Grand Jury. On August 22, 2001 the prosecutor responded to defense counsel’s e-mail, stating that she had been assigned to prosecute the case and indicating that she would contact defense counsel once she had spoken with the complainant. No written notice of the defendant’s request to testify before the Grand Jury followed the electronic mail request.
The People sent notice of the Grand Jury proceeding directly to the defendant as well as two notices to defense counsel indicating the time and place that the case would be submitted to the Grand Jury. Defense counsel admits receiving notice that the prosecutor intended to present the case to the Grand Jury on November 26, 2001 at 10:00 a.m. The notice, a copy of which is attached to the moving papers, indicates: “If you desire to have your client appear before the said Grand Jury, you must notify us in writing of such intent.”
Defense counsel challenges the sufficiency of such notice and asserts that the electronic mail satisfied the requirements of the statute for written notice.
The court has considered all the matters raised in the moving papers and reviewed all of the exhibits submitted and determines that the defendant’s argument is without merit. The unique issue raised by this motion is whether electronic mail commonly referred to as “e-mail” constitutes proper written notice to satisfy the requirements of the statute (CPL 190.50 [5] [a]).
The appellate courts have repeatedly and consistently held that the statutory requirement that the defendant provide the People with written notice is to be strictly enforced (see People v Green, 187 AD2d 528 [2d Dept 1992]; People v Robinson, 187 AD2d 296 [1st Dept 1992] ; People v Brooks, 184 AD2d 518 [2d Dept 1992]). Absent specific authority for notice by electronic mail this court will not recognize electronic mail as written notice.
The only recognized authority for service by electronic means is addressed by the Civil Practice Law and Rules. Such law *197 recognizes only service by electronic means as long as the party being served has consented to service in this manner and service is followed up with a mailed written notice (see CPLR 2103 [b] [5]).
The court concludes the defendant did not serve a proper written notice of intention to testify before the Grand Jury to the People, and therefore, the defendant’s motion to dismiss the indictment on the ground that the defendant was not given notice and not afforded the opportunity to testify at the Grand Jury proceeding is denied.