OPINION OF THE COURT
Nicholas Iacovetta, J.
The defendant moves to dismiss the indictment on the ground that he was denied his right to testify before the grand jury as provided by CPL 190.50.
Defendant’s motion to dismiss the indictment on the above ground is denied because he did not provide the People with the required written notice which the People did not waive.
Facts
The defendant was arraigned on the felony complaint in the presence of counsel on October 3, 2002. The People’s affirma *639 tion asserts without contradiction by the defense that the defense never served written notice of defendant’s intention to testify before the grand jury. The People’s affirmation also asserts without contradiction by the defense that the defendant was served at arraignment with written notice that the case would be presented to the grand jury on October 8, 2002 at 10:00 a.m. The arraignment minutes reflect that when the prosecutor thereafter asked, “If the case is presented to the grand jury, will the defendant testify?” defense counsel responded, “Yes, he will.”
Legal Analysis
CPL 190.50 (5) (a) provides that a person against whom a criminal charge is submitted to a grand jury has a right to appear before the grand jury as a witness in his or her own behalf if that person, prior to the filing of any indictment, first provides the District Attorney with a written notice making such request.
This is not a case where the prosecutor explicitly waived written notice or did so by ambiguous conduct. (See People v Ocasio, 160 Misc 2d 422, 423-424 [1994] [after serving written notice at arraignment, the prosecutor asked “ ‘Will defendant testify?’ (and) defense counsel responded, ‘Yes, he will.’ ” The prosecutor then responded that the defendant could testify at a specific time and date, and the case was adjourned to that same date. The court held that under the latter circumstances the People waived written notice by unconditionally informing defendant after he served oral notice that he could testify at a specific time and date].) Here, unlike in People v Ocasio (160 Misc 2d 422 [1994], supra), the prosecutor did not respond to defendant’s oral statement of his intention to testify. Moreover, prior to defendant’s oral statement, the prosecutor had already given written notice requiring the defendant to give reciprocal written notice of any intention to testify before such an appearance would be arranged on the next adjourn date. Here, there was no unconditional, unequivocal response by the prosecutor accepting defendant’s oral declaration that he would testify (see People v Saldana, 161 AD2d 441 [1st Dept 1990], lv denied 76 NY2d 944 [1990] [where written notice by defendant was required even though prosecutor stated he would note defendant’s oral request to testify]).
Similarly, the facts in this case are inapposite to those in People v Bundy (186 AD2d 357 [1st Dept 1992]), People v Young (138 AD2d 764 [2d Dept 1988]), and People v Gini (72 AD2d *640 752 [2d Dept 1979]), all of which were relied upon by People v Ocasio (160 Misc 2d 422 [1994], supra). In People v Bundy (186 AD2d 357 [1992], supra), defense counsel’s alleged failure to secure defendant’s right to testify before the grand jury by failing to prepare the necessary paperwork or appear with defendant was held not alone sufficient to demonstrate ineffective assistance of counsel. The prosecutor attempted to accommodate defendant by providing an opportunity for defendant to appear before the grand jury despite the absence of any written demand. There was never any claim by the People, unlike here, that they did not waive the requirement of written notice. In People v Young (138 AD2d 764 [1988], supra), the prosecutor specifically agreed to defendant’s oral request to testify which was made for the first time after the case was presented but prior to filing of the indictment (accord People v Rivers, 166 Misc 2d 98 [1995]). Finally, in People v Gini (72 AD2d 752 [1979], supra), it was held that defendant was improperly denied the right to testify where defense counsel gave oral notice followed by promptly filed written notice. The prosecutor hastily presented the case and filed an indictment the next day before written notice could be received and defendant could testify.
The legislative history of CPL 190.50 (5) demonstrates that a person secures the right to testify before the grand jury by giving timely notice (see People v Evans, 79 NY2d 407, 413 [1992]). The statute requires written notice which requirement is strictly enforced (see People v Blue, 269 AD2d 232 [1st Dept 2000], lv denied 95 NY2d 793 [2000]; People v Rivera, 246 AD2d 443 [1st Dept 1998], lv denied 91 NY2d 1012 [1998]; People v Smith, 197 AD2d 411 [1st Dept 1993] [where it was held that oral statement at arraignment that defendant “wished to testify before the Grand Jury” was not sufficient notice to effectuate defendant’s right under CPL 190.50 (5) (a) to testify because the notice was not written]).
The written notice requirement in CPL 190.50 (5) (a) serves a salutary purpose. It prevents gamesmanship by and/or confusion between the parties in situations such as here where the defendant was arraigned with two codefendants, and the prosecutor who presented the case is not the same prosecutor who appeared at the arraignment or subsequent calendar call adjournments prior to obtaining the indictment. The requirement of written notice is based upon “the strong public policy to further orderly trial procedure and preserve scarce trial resources” and should be strictly enforced (see People v Lawrence, *641 64 NY2d 200, 207 [1984]; see also People v Jennings, 69 NY2d 103, 113 [1986]). Here, the People had the right to expect that written grand jury notice would be served pursuant to the dictates of the relevant statute (see People v Green, 187 AD2d 528 [1992], lv denied 81 NY2d 840 [1993] [where it was held that the prosecutor’s response that the People would contact defense counsel did not relieve defendant from his obligation to file written notice after defendant first gave oral notice]).
Moreover, even if it could be argued that the People waived written notice, the defendant was still provided with a reasonable opportunity to testify. The People’s affirmation notes without contradiction that the case was presented on October 8. The written notice served on the defendant at arraignment on October 3 indicated that defendant could testify on October 8 at 10:00 a.m. after providing reciprocal written notice (see prosecutor’s affirmation, exhibit No. 1). Defense counsel, despite the latter notice, participated in calling the case in the Calendar Part on October 8 and adjourning it to October 24 without ever expressing any desire by defendant to testify, or requesting a second call, or contacting the grand jury assistant or appearing before the grand jury as previously notified in the written notice (see transcript, Oct. 8, 2002). The defense affirmation reveals that defense counsel did nothing to contact the assigned prosecutor until on or after October 24 when defense counsel left a telephone message that defendant would testify. The face of the indictment notes that by that date it had already been voted and signed on October 18. Despite the absence of any subsequent response from the prosecutor, defense counsel took no further action until speaking to the prosecutor on November 7 by which time the indictment was already filed (see defense affirmation at 5).
Any failure of the defendant to appear before the grand jury, under the above circumstances, cannot be blamed on the People. Defendant was accorded more than a reasonable opportunity to testify, and the prosecution did not act precipitously in presenting the case to the grand jury (see People v Washington, 284 AD2d 220 [2001], lv denied 96 NY2d 925 [2001]; People v Clark, 267 AD2d 4 [1999], lv denied 94 NY2d 946 [2000]; People v Savareese, 258 AD2d 484 [1999], lv denied 93 NY2d 978 [1999]).
The motion to dismiss the indictment is, therefore, denied.